# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| RANDALL ALLAN HEARN, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:16-CV-312-PRC |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
|     Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Randall Allan Hearn on July 5, 2016, and Plaintiff's Opening Brief [DE 16], filed by Plaintiff on December 9, 2016. Plaintiff requests that the September 26, 2014 decision of the Administrative Law Judge denying his claim for disability insurance benefits and supplemental security income be reversed and remanded for further proceedings. On March 23, 2017, the Commissioner filed a response, and Plaintiff filed a reply on April 5, 2017. For the following reasons, the Court grants Plaintiff's request for remand.

## PROCEDURAL BACKGROUND

In January 2013, Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging disability since June 23, 2012. The applications were denied initially and on reconsideration. On June 18, 2014, Administrative Law Judge Kim L. Bright ("ALJ") held a hearing. In attendance at the hearing were Plaintiff and Plaintiff's attorney. An impartial vocational expert appeared telephonically. The vocational expert was disconnected from the hearing before he testified. Interrogatories were sent to the expert following the hearing. On

September 26, 2014, the ALJ issued a written decision denying benefits, making the following findings:

    1.      The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.

    2.      The claimant has not engaged in substantial gainful activity since June 23, 2012, the alleged onset date.

    3.      The claimant has the following severe impairments: cervical degenerative disc disease and degenerative joint disease of the right shoulder.

    4.      The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

    5.      After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) Except he may frequently climb ramps and stairs, balance, stop, crouch, or crawl. He may occasionally climb ladders, ropes, or scaffolds. He may frequently reach in front or laterally, and occasionally reach overhead with his bilateral upper extremities.

    6.      The claimant is unable to perform any past relevant work.

    7.      The claimant was born [in 1962] and was 50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date.

    8.      The claimant has a limited education and is able to communicate in English.

    9.      Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

    10.     Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

    11.     The claimant has not been under a disability, as defined in the Social Security Act, from June 23, 2012, through the date of this decision.

(AR 17-25).

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481. Plaintiff filed this civil action pursuant to 42 U.S.C. § 405(g) for review of the Agency's decision.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and

3

the decision is supported by substantial evidence." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that [a reviewing court] may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and [the] conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## DISABILITY STANDARD

To be eligible for disability benefits, a claimant must establish that he suffers from a "disability" as defined by the Social Security Act and regulations. The Act defines "disability" as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be

4

expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To be found disabled, the claimant's impairment must not only prevent him from doing his previous work, but considering his age, education, and work experience, it must also prevent him from engaging in any other type of substantial gainful activity that exists in significant numbers in the economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f).

When a claimant alleges a disability, Social Security regulations provide a five-step inquiry to evaluate whether the claimant is entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The steps are: (1) Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled, and the claim is denied; if no, the inquiry proceeds to step two; (2) Does the claimant have an impairment or combination of impairments that are severe? If no, the claimant is not disabled, and the claim is denied; if yes, the inquiry proceeds to step three; (3) Do(es) the impairment(s) meet or equal a listed impairment in the appendix to the regulations? If yes, the claimant is automatically considered disabled; if no, then the inquiry proceeds to step four; (4) Can the claimant do the claimant's past relevant work? If yes, the claimant is not disabled, and the claim is denied; if no, then the inquiry proceeds to step five; (5) Can the claimant perform other work given the claimant's residual functional capacity (RFC), age, education, and experience? If yes, then the claimant is not disabled, and the claim is denied; if no, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v); *see also Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

At steps four and five, the ALJ must consider an assessment of the claimant's RFC. The RFC "is an administrative assessment of what work-related activities an individual can perform despite [his] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001). The RFC should be

based on evidence in the record. *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(3)). The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski*, 245 F.3d at 885-86; *see also Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

## ANALYSIS

Plaintiff seeks remand, arguing that the ALJ erred (1) in evaluating Plaintiff's subjective complaints and (2) in determining Plaintiff's RFC. The Court considers each argument in turn.

### A. Subjective Complaints

On March 28, 2016, Social Security Ruling 16-3p became effective and issued new guidance regarding the evaluation of a disability claimant's statements about the intensity, persistence, and limiting effects of symptoms. *See* SSR 16-3p, 2016 WL 1237954 (Mar. 28, 2016). Under SSR 16-3p, an ALJ now assesses a claimant's subjective symptoms rather than assessing his "credibility." However, SSR 16-3p is not retroactive; therefore, the "credibility determination" in the ALJ's decision is governed by the standard of SSR 96-7p.

In making a disability determination, the ALJ must consider a claimant's statements about his symptoms, such as pain, and how the symptoms affect his daily life and ability to work. *See* 20 C.F.R. §§ 404.1529(a), 416.929(a). Subjective allegations of disabling symptoms alone cannot support a finding of disability. *Id*. The ALJ must weigh the claimant's subjective complaints, the relevant objective medical evidence, and any other evidence of the following factors:

(1) The individual's daily activities;
(2) Location, duration, frequency, and intensity of pain or other symptoms;
(3) Precipitating and aggravating factors;
(4) Type, dosage, effectiveness, and side effects of any medication;
(5) Treatment, other than medication, for relief of pain or other symptoms;
(6) Other measures taken to relieve pain or other symptoms;

>     (7)   Other factors concerning functional limitations due to pain or other
>           symptoms.

See 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). "Because the ALJ is in the best position to determine a witness's truthfulness and forthrightness . . . a court will not overturn an ALJ's credibility determination unless it is 'patently wrong.'" *Shideler v. Astrue*, 688 F.3d 306, 310-11 (7th Cir. 2012) (quotation marks omitted) (quoting *Skarbek v. Barnhart*, 390 F.3d 500, 504-05 (7th Cir. 2004)); *see also Prochaska*, 454 F.3d at 738. Nevertheless, "an ALJ must adequately explain his credibility finding by discussing specific reasons supported by the record." *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013) (citing *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009)); SSR 96-7p, 1996 WL 374186, at *2 (Jul. 2, 1996) ("The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.").

1.   *Cervical Radiculopathy*

Plaintiff argues that the ALJ erred in determining Plaintiff's subjective symptoms by making a factual error regarding Plaintiff's diagnosis of cervical radiculopathy. "A reversal and remand may be required . . . if the ALJ based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (citing *Sarchet v. Chater*, 78 F.3d 305, 309 (7th Cir.1996)).

The ALJ stated in her decision that "At a follow up in April 2014, Dr. Dalvi's impression was no cervical radiculopathy and small vessel ischemic disease on the MRI of the brain." (AR 23). However, the evidence—which the ALJ cited in support of her statement—contradicts this

statement. The record for the April 13, 2014 follow up lists impressions of "cervical radiculopathy" and "small vessel ischemic disease on MRI brain." (AR 338).

In finding Plaintiff's allegations not fully supported, the ALJ wrote that "the claimant's examinations, discussed above, have shown some positive clinical findings, however, there are also times when he had full range of motion of his cervical spine." (AR 23). The factual error identified above is a part of the ALJ's discussion of the examinations that the ALJ relied upon in determining Plaintiff's subjective symptoms.

Notably, the Commissioner does not respond to Plaintiff's argument that remand is required on this basis and has therefore waived argument on the issue. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver.") (citing *U.S. v. Farris*, 532 F.3d 615, 619 (7th Cir. 2008); *Williams v. REP Corp.*, 302 F.3d 660, 667 (7th Cir. 2002)).

Plaintiff asserts that the ALJ based her evaluation of Plaintiff's subjective symptoms in part on a factual error regarding Plaintiff's cervical radiculopathy. The Commissioner presents no argument that there was no error or that the ALJ's evaluation was not based on this error. The administrative record supports Plaintiff's position. The ALJ made a serious error of fact and relied on that error in her evaluation of Plaintiff's subjective symptoms. The Commissioner does not argue that this error is harmless, and the Court does not find that it is. There is no indication that the ALJ would have made the same decision in the absence of the error, nor would a contrary determination need to be set aside as incredible. *Allord v. Barnhart*, 455 F.3d 818, 821 (7th Cir. 2006). Remand is required.

*2. Daily Activities*

Plaintiff next argues that the ALJ failed to consider Plaintiff's daily activities as required by the regulations. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). The Commissioner responds that the new Social Security Ruling, 16-3p, clarifies the Social Security Administration's existing policy by explicitly stating that an ALJ is not required to discuss all of the regulatory factors that she considers, unless she finds them pertinent to the case. The Commissioner directs the Court to one page of the Federal Register's publication of Social Security Ruling 16-3p, but the Court is unable to find a statement on that page that fully supports the Commissioner's broad assertion. Instead, the Court has found this statement:

> We will consider other evidence to evaluate only the factors that are relevant to assessing the intensity, persistence, and limiting effects of the individual's symptoms. If there is no information in the evidence of record regarding one of the factors, we will not discuss that specific factor in the determination or decision because it is not relevant to the case. We will discuss the factors pertinent to the evidence of record.

SSR 16-3p, 2016 WL 1119029, at *7 (Mar. 16, 2016). The Ruling does not allow an ALJ to ignore a line of evidence regarding one of the regulatory factors if the ALJ does not find it pertinent. Instead, the Ruling indicates that regulatory factors for which there is no evidence will not be discussed.

There is evidence in the record regarding Plaintiff's daily activities; Plaintiff testified as to them at the administrative hearing. Plaintiff's testimony was that he does not clean the house, maintain the yard, or do his laundry. (AR 48). If he does any sort of housework, after five or ten minutes he is in pain and lays down. *Id.* He does not shop for groceries because he cannot complete a shopping trip without pain. *Id.* at 45. He sleeps a lot during the day because his sleep is broken during the night. *Id.* at 44-45. The regulations require an ALJ to consider Plaintiff's activities, 20

9

C.F.R. §§ 404.1529(c)(3), 416.929(c)(3), and the ALJ failed to do so. Because remand is necessary on other grounds and because the new Social Security Ruling will apply on remand, the Court need not determine whether the ALJ's failure to consider Plaintiff's daily activities requires remand.

### B. Residual Functional Capacity

The Residual Functional Capacity ("RFC") is a measure of what an individual can do despite the limitations imposed by his impairments. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004); 20 C.F.R. §§ 404.1545(a), 416.945(a). The determination of a claimant's RFC is a legal decision rather than a medical one. 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1); *Diaz*, 55 F.3d at 306 n.2. The RFC is an issue at steps four and five of the sequential evaluation process and must be supported by substantial evidence. SSR 96-8p, 1996 WL 374184, *3 (July 2, 1996); *Clifford*, 227 F.3d at 870.

"RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing' basis means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p at *1. "The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." SSR 96-8p, at *3. The relevant evidence includes medical history; medical signs and laboratory findings; the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment; evidence from attempts to work; need for a structured living environment; and work evaluations, if available. *Id*. at *5. In arriving at an RFC, the ALJ "must consider all allegations of physical and mental limitations or restrictions and make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." *Id*. The "ALJ must also consider the combined effects of all the claimant's

impairments, even those that would not be considered severe in isolation." *Terry*, 580 F.3d at 477; *see also Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003).

*1.     Weight to Treating Physician's Opinion*

In determining whether a claimant is disabled, the ALJ "will always consider the medical opinions in [the] case record together with the rest of the relevant evidence . . . received." 20 C.F.R. §§ 404.1527(b), 416.927(b). The ALJ evaluates every medical opinion received. 20 C.F.R. §§ 404.1527(c), 416.927(c). This includes the opinions of nonexamining sources such as state agency medical and psychological consultants as well as outside medical experts consulted by the ALJ. *Id*. §§ 404.1527(e)(2), 416.927(e)(2).

An ALJ must give the opinion of a treating doctor controlling weight if (1) the opinion is supported by "medically acceptable clinical and laboratory diagnostic techniques" and (2) it is "not inconsistent" with substantial evidence of record. *Schaaf v. Astrue*, 602 F.3d 869, 875 (7th Cir. 2010); *see also Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). In weighing all opinion evidence, the ALJ considers several factors and "must explain in the decision the weight given" to each opinion. 20 C.F.R. §§ 404.1527(e)(2)(ii), (iii), 416.927(e)(2)(ii), (iii). *Scrogham v. Colvin*, 765 F.3d 685, 697-98 (7th Cir. 2014); *Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir. 2008). When a treating physician's opinion is not given controlling weight, the ALJ must nevertheless consider certain factors to determine how much weight to give the opinion, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability (such as medical signs and laboratory findings), and specialization. *See* 20 C.F.R. §§ 404.1527(c)(2)-(5), 416.927(c)(2).

Plaintiff argues that the ALJ erred in assigning weight to Dr. Harris, Plaintiff's treating pain management doctor. As a treating physician, Dr. Harris's opinion should be given controlling weight unless the opinion is not supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with substantial evidence of record. In assigning weight to Dr. Harris, the ALJ wrote "[t]his opinion is assigned little weight as Dr. Harris' limitations are not supported by her treatment of the claimant, or the overall record. Her opinion as to the need for claimant's breaks is extreme and is not supported by the objective evidence." (AR 24). The ALJ provided no further explanation or citation to evidence in the record.

Due to the lack of citation to the record or explanation of the ALJ's reasoning, the Court cannot determine what part of the record the ALJ relied on in assigning weight to Dr. Harris's opinion or what part of Dr. Harris's treatment of Plaintiff the ALJ deemed to not support Dr. Harris's opinion. Also, the ALJ does not mention any inconsistent evidence, which is the requirement in the regulation. A lack of supporting evidence—objective or otherwise—is not a sufficient reason under the regulations to deny a treating physician's opinion controlling weight. Further, Plaintiff's testimony of his daily activities, which the ALJ did not discuss, supports and is consistent with Dr. Harris's opinion regarding Plaintiff's need for breaks. The ALJ erred in failing to adequately explain her decision to not assign controlling weight to Dr. Harris's opinion. This requires remand.

2. *Medical Support for the RFC*

Plaintiff's final argument is that no medical opinion supports the ALJ's RFC determination. Though the RFC is a determination for the ALJ to make, "an ALJ must not substitute [her] own

judgment for a physician's opinion without relying on other medical evidence or authority in the record." *Clifford*, 227 F.3d at 870(citing *Rohan v. Chater*, 98 F.3d 966, 968 (7th Cir. 1996)).

In addition to assigning only little weight to Dr. Harris's opinion, the ALJ assigned little weight to the opinions of the state agency medical consultants, who determined that Plaintiff can perform medium work with some additional limitations. The ALJ wrote that she gave the opinions "little weight as the record best supports a finding that the claimant can perform a range of light work. Further, given his complaints as to both of his shoulders, the undersigned finds that the claimant is limited in his bilateral upper extremities, not just his right." (AR 24). The ALJ provided no further discussion or citation to evidence. At the end of the section on the RFC finding, the ALJ concludes, "In sum, the above residual functional capacity assessment is supported by the medical findings, nature of treatment, and other factors discussed above." *Id.*

The ALJ has not indicated what part of the record supports her decision that Plaintiff can perform a limited range of light work. The Court cannot trace her reasoning. Though the RFC is a legal determination for the ALJ to make, it must be supported by substantial evidence, and the ALJ has failed to identify the evidence supporting her decision to find that Plaintiff is capable of performing a limited range of light work.

### C. Request for Award of Benefits

Plaintiff asks the Court to reverse and remand for an award of benefits or, in the alternative, for additional proceedings. An award of benefits is appropriate "only if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 415

(7th Cir. 2011). Based on the discussion above, remand, not an immediate award of benefits, is required for the ALJ to properly consider Plaintiff's RFC.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the relief sought in Plaintiff's Opening Brief [DE 16], **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** this matter for further proceedings consistent with this Opinion and Order. The Court **DENIES** Plaintiff's request to award benefits.

So ORDERED this 14th day of September, 2017.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT