# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| RANDALL A. HEARN, )<br>Plaintiff, )<br> )<br>v. )<br> )<br>NANCY A. BERRYHILL, )<br>Acting Commissioner of the )<br>Social Security Administration, )<br>Defendant. ) | CAUSE NO.: 2:16-CV-312-PRC |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act [DE 25], filed by Plaintiff Randall A. Hearn on December 12, 2017.

On July 5, 2016, Plaintiff filed a Complaint seeking judicial review of the Commissioner's decision to deny him disability insurance benefits and supplemental security income. On December 9, 2016, Plaintiff filed an Opening Brief. On March 23, 2017, the Commissioner filed a response, and on April 5, 2017, Plaintiff filed a reply brief. On September 14, 2017, the Court reversed the decision of the Commissioner of Social Security and remanded for further proceedings.

In the instant Application for Attorneys' Fees, Plaintiff seeks fees under the Equal Access to Justice Act ("EAJA") in the amount of $9,355.79 for 32.1 attorney hours at an hourly rate of $186.89 in 2016, 16.04 attorney hours at an hourly rate of $189.44 in 2017, and 3.18 law clerk hours at an hourly rate of $100.00.

On January 9, 2018, the Commissioner filed a response brief in opposition to Plaintiff's fee request, opposing the number of hours as unreasonable and also asserting that any EAJA fee should be paid to Plaintiff. In the reply brief, Plaintiff requests an additional 3.5 hours of attorney time at

the 2017 rate for preparation of that brief. In total, Plaintiff requests an award for 54.82 hours of attorney and law clerk time, which is equal to $10,018.83.

Plaintiff bears the burden of demonstrating that the requested hours are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Counsel for the prevailing party should make a good-faith effort to exclude excessive, redundant, or otherwise unnecessary hours. *Id*. at 434; *see also Tchemkou v. Mukasey*, 517 F.3d 506, 510 (7th Cir. 2008) ("When calculating an EAJA award, we must exclude hours that were not reasonably expended and we may reduce the amount of the award accordingly." (internal quotation marks omitted) (quoting *Hensley*, 461 U.S. at 434 and citing 28 U.S.C. § 2412(d)(1)(C))). The amount of the fee award is a matter of discretion for the Court because of its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hensley*, 461 U.S. at 437.

The Commissioner contends that Plaintiff's fee application is excessive because the time expended was not warranted in light of the small size of the administrative record and the routine nature of the case. The Commissioner points out that the administrative record in this case was only 345 pages and, of those pages, the medical records were only 82 pages. The Commissioner further argues that, in light of the years of experience of Plaintiff's counsel, the hours spent by counsel were unreasonable. The Commissioner specifically highlights the 8.3 hours spent reviewing the administrative record, 7 hours spent drafting the statement of facts, and 20 hours spent on legal research and drafting arguments.

Plaintiff counters that a thorough review of the record was necessary, in part because the vocational expert, who intended to testify telephonically, was disconnected before his testimony, and his handwritten answers to questions asked by the ALJ were hard to read. Plaintiff also indicates

2

that a thorough reading of the record was necessary to find Plaintiff's diagnosis of cervical radiculopathy, which led to this case being remanded. Plaintiff also asserts that the detailed statement of facts was necessary to show the severity of Plaintiff's impairments, including his pain symptoms.

Plaintiff further maintains that the briefing encompassed four separate issues and that, though lead counsel is experienced in this type of litigation, counsel responsible for researching and writing the opening and reply briefs does not have extensive experience litigating Social Security disability cases.

Courts within the Seventh Circuit Court of Appeals have found a reasonable number of hours for work on a social security appeal to range from 40-60 hours. *See, e.g.*, *Copeland v. Astrue*, No. 2:11-CV-363, 2012 WL 4959482, at *2 (N.D. Ind. Oct. 17, 2012) (citing cases); *Schulten v. Astrue*, No. 08 C 1181, 2010 WL 2135474, at *6 (N.D. Ill. May 28, 2010) (citing cases).

Having reviewed the fee petition, the Court finds that the number of hours expended by Plaintiff's attorneys, including the hours spent on the reply to the instant motion, is reasonable in light of the facts and circumstances of this case and consistent with the range of fee requests in social security litigation before this Court.

The parties dispute whether payment should be made to Plaintiff or to Plaintiff's counsel. Plaintiff assigned her EAJA fee to her counsel. However, any fees paid belong to Plaintiff and not his attorney and can be offset to satisfy a pre-existing debt that Plaintiff owes the United States under *Astrue v. Ratliff*, 560 U.S. 586 , 589 (2010).

**CONCLUSION**

Accordingly, the Court hereby **GRANTS** Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act [DE 25] and **ORDERS** that Plaintiff is awarded attorney fees in the total amount of $10,018.83 in fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. If the Government determines that Plaintiff does not owe a pre-existing debt subject to offset, the Commissioner shall direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff and her counsel.

So ORDERED this 23rd day of March, 2018.

    s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT